ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  02-40130-01-JAR |
| | ) | 04-3484-JAR |
| LARRY D. MERRIWEATHER, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255</u>

Defendant/petitioner Larry Merriweather filed two motions captioned, "Motion to Amend, 28 U.S.C./18 U.S.C. 2255, under the Blakely ruling."  (Docs. 81-82.)    In both motions, petitioner argues that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial.  Petitioner also maintains that his counsel was ineffective by "urging and or allowing him to plead guilty and or admit something that was not true."  The Government has not filed a response in this matter.

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment.

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies petitioner's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Blakely* decision was handed down on June 24, 2004.  The Court further denies petitioner's motion on the basis of ineffective assistance of counsel based on counsel's advice to plead guilty and admit certain facts.

### I.  Procedural Background

On August 18, 2003, petitioner pled guilty to five counts of a seven-count Indictment charging him with bank robbery and use of a firearm during the commission of a crime of violence. (Docs. 67, 70.)  After all adjustments were made pursuant to the Guidelines, this Court sentenced petitioner to 37 years and 10  months of imprisonment.  The sentence includes 70 months of concurrent sentences for the bank robbery counts, and consecutive sentences of 7 and 25 years for the firearm counts.  These consecutive sentences are the statutory minimum sentences for a conviction of discharging a firearm in relation to a crime of violence and for a second or subsequent conviction under that statute.[3]  Petitioner did not file a direct appeal of his sentence.  He now attempts to "amend" this sentence, arguing that it is unconstitutional under recent Supreme Court decisions and because his counsel was ineffective in advising him to accept a plea bargain.

### II.  Analysis

Plaintiff filed two one-page motions that are basically identical.  The title of petitioner's motion states that it is being made under "the Blakely ruling."  Petitioner's argument, in its entirety states: "The Defendant files on the ground(s) of: Ineffectiveness of counsel, the Defendants counsel failed to

---

[3]  18 U.S.C. § 924(c).

2

represent him adequately by urging and or allowing him to plead guilty and or admit something that was not true.  Therefore the Defendant received an extensive unconstitutional sentence."  The Court will address the applicability of the *Blakely* decision to petitioner's case and will proceed to determine his claim of ineffective assistance of counsel.  Under 28 U.S.C. § 2255, the court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[4]  The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on either ground asserted in his motion.

### *Retroactivity of Blakely*

Petitioner argues that his sentence is unconstitutional, citing *Blakely v. Washington*.  *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[5]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[6] which is not necessarily the same as the maximum punishment possible under statute.[7]  On this basis, the Court struck down the Washington state sentencing scheme.

---

[4] *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1406, 149 L. Ed. 2d 348 (2001).

[5] 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

[6] *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[7] *Blakely*, 124 S. Ct. at 2538.

3

In the wake of *Blakely*, courts have grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[8]  The Supreme Court resolved this issue in *United States v. Booker*.[9]  In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violate the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[10]  Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[11]  Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[12]  The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[13]

Because this is a collateral attack on a final sentence, the Court must determine if the rule announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[14] the Supreme Court did not state whether its holding

---

[8]  *See Blakely*, 124 S. Ct. at 2548-50 (O'Connor, J., dissenting).

[9]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

[10]  *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[11]  *Booker*, 125 S. Ct. at 756 (Breyer, J.).

[12]  *Id.* at 764.

[13]  *Id.* at 765.

[14]  *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

4

applied to cases on collateral review.

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral review.[15]  The Tenth Circuit has recently conducted the necessary constitutional analysis and determined that *Blakely* does not apply retroactively to initial motions under 28 U.S.C. § 2255, despite the Supreme Court's holding in *Booker*.[16]  Other circuits have similarly held that *Booker* does not apply to cases on collateral review.[17]  The Court concludes that *Blakely* does not apply to this petitioner's case, as his conviction is now final and is on collateral review.

### *Ineffective Assistance of Counsel*

Petitioner argues without explanation that his counsel was ineffective when advising him to sign the plea agreement.  In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[18]  Under that test, petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of

---

[15] *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[16] *United States v. Price*, __F.3d__, No. 04-7058, 2005 WL 535361, at *4 (10th Cir. Mar. 8, 2005).  The Tenth Circuit has recently denied certification for successive § 2255 motions because "the rule announced in *Booker* is not retroactive," therefore it does not satisfy the requirement for a valid successive motion.  *Bey v. United States*, __F.3d__, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005); *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[17] *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, __F.3d__, No. 04-11725, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005);  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *cf. Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (second or successive motion); In re *Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same).

[18] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

reasonableness."[19]  Second, he must show that counsel's deficient performance actually prejudiced his

defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[20]

    Petitioner's lack of elaboration on his claim of ineffectiveness of counsel prevents this Court

from granting the motion.  As the Supreme Court stated in *Strickland*:

> A convicted defendant making a claim of ineffective assistance must
> identify the acts or omissions of counsel that are alleged not to have
> been the result of reasonable professional judgment.  The court must
> then determine whether, in light of all the circumstances, the identified
> acts or omissions were outside the wide range of professionally
> competent assistance.[21]

Here, petitioner fails to identify any act or omission on the part of defense counsel that is allegedly not

based on reasonable, professional judgment.  Therefore, the Court is unable to either identify allegedly

deficient performance by counsel, or determine whether but for the alleged deficiency, petitioner would

have insisted on going to trial.

    Perhaps petitioner suggests that by not anticipating the Supreme Court's holding in *Blakely*,

counsel was ineffective.  Counsel's performance is not deficient, however, for failing to predict future

developments in the law.[22]  Petitioner pled guilty in this case in 2003–before the Supreme Court

decided both *Blakely* and *Booker*.  Counsel's "failure to recognize a potential legal argument does not

---

[19]  *Id.* at 688, 104 S. Ct. at 2064-65.

[20]  *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59,
106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

[21]  *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.

[22]  *Harms*, 371 F.3d at 1212.

constitute cause for a procedural default."[23]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion to Amend, 28 U.S.C. /18 U.S.C. 2255 (Doc. 81), is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that petitioner's second Motion to Amend, 28 U.S.C. /18 U.S.C. 2255 (Doc. 82), is **DENIED** as moot and as an unauthorized successive motion under 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated this 21st day of March 2005.

_**S/   Julie A. Robinson**_____

**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[23] *Id.*