IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 02-40130-JAR-1 |
| LARRY D. MERRIWEATHER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Larry D. Merriweather's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 110). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court grants Merriweather's motion.

**I.  Background**

On August 18, 2003, Merriweather pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[1]  On November 24, 2003, the Court sentenced Merriweather to a controlling term of 37 years and 10 months in prison, followed by five years of supervised release.[2]  This term of imprisonment included three concurrent sentences of 70 months on the bank robbery counts and mandatory consecutive sentences of 7 and 25 years on the § 924(c) counts. After

---

[1] Doc. 70.

[2] Doc. 72. Two amended judgments modifying only the restitution amounts were later filed, first on January 20, 2004, and then on July 26, 2004. Docs. 73, 80.

announcing the final sentence, the Court addressed Merriweather directly and, among other things, stated: "[Y]ou're going to be spending a good portion of your life in prison. And it's not an easy thing to stand here and look at you. You're a 22-year-old man, and I've just given you a 37-year sentence. That saddens me immensely."[3] Merriweather is now 40 years old, and his projected release date is August 18, 2035. Defendant represents that as of April 26, 2021, with good time credit, "he ha[d] served the equivalent of a 20-year prison sentence."[4]

On April 2, 2021, Merriweather, proceeding *pro se*, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that "the combination of his age at sentencing . . . , the length of his sentence under [the] now[-]repealed § 924(c) stacking regime[,] and his commitment to rehabilitation while incarcerated . . . together with an analysis of the factors under 18 U.S.C. § 3553(a) should warrant resentencing."[5] Pursuant to District of Kansas Administrative Order 2020-8, Merriweather's motion was referred to the Federal Public Defender's office, which entered an appearance on his behalf and filed a supplement in support of the motion.[6] Merriweather asks the Court to reduce his sentence to time served or to grant any reduction the Court finds warranted by the circumstances of his case. If released, Merriweather intends to live with and work for his father in Wichita, Kansas.

On April 29, 2021, the government filed a response in opposition to the § 3582(c)(1)(A) motion,[7] to which Merriweather replied.[8]

---

[3] Doc. 75 at 16:17–22. Merriweather did not file a direct appeal of his sentence, but he later filed two motions for post-conviction relief under 28 U.S.C. § 2255. Docs. 81, 82. The Court denied those motions on March 22, 2005. Doc. 83.

[4] Doc. 114 at 10 ("[Avalos] has already served 18 and a half years, or about 222 months. He has also earned 760 days, or more than two years, of good conduct credit.").

[5] Doc. 110 at 6–10.

[6] Docs. 113, 114.

[7] Doc. 118.

[8] Doc. 119.

**II.     Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[9]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[10]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12]  The Tenth Circuit has clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[13]

**III.    Discussion**

**A.     Exhaustion**

Merriweather has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  On January 29, 2021, the warden of FTC Oklahoma received Merriweather's letter requesting a sentence

---

[9] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[10] *Id.*

[11] Pub. L. No. 115-391, 132 Stat. 5194.

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *Maumau*, 993 F.3d at 837.

reduction.[14] The warden denied the request on March 23, 2021—53 days later.[15] The government does not dispute that this satisfies the exhaustion requirement. The Court thus turns to the merits of the motion.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a sentence reduction. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[16] While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[17] Accordingly, § 3582(c)(1)(A)'s consistency requirement does not constrain this Court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction in this case.[18]

Merriweather contends that his unique circumstances, coupled with the First Step Act's elimination of sentence-stacking under 18 U.S.C. § 924(c), constitute extraordinary and compelling reasons to reduce his sentence under § 3582(c)(1)(A). At the time of Merriweather's sentencing, § 924(c)(1)(C) required the imposition of a consecutive 25-year mandatory minimum sentence for "a second or subsequent" § 924(c) conviction, which the Supreme Court interpreted to mean a second "finding of guilt by a judge or jury," even if the first § 924(c) conviction was

---

[14] Doc. 110-1 at 1.

[15] *Id.* at 2.

[16] *Maumau*, 993 F.3d at 832.

[17] *Id.* at 832, 836–37.

[18] *Id.* at 837.

4

obtained in the same case.[19]  In 2018, the First Step Act ended this practice of "stacking" § 924(c) convictions.[20]  Under the First Step Act, the consecutive 25-year mandatory minimum applies only when a prior § 924(c) conviction "has become final."[21]  Thus, the consecutive 25-year mandatory minimum is now "reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution."[22]  The First Step Act did not, however, make this critical change to § 924(c) retroactive.[23]

Nonetheless, district courts may, on an individualized, case-by-case basis, relieve some defendants of their stacked § 924(c) sentences under § 3582(c)(1)(A).  While "[a] long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for a sentence reduction,"[24] the Tenth Circuit has held that "the combination of such a sentence and a defendant's unique circumstances [may] constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."[25]

In *United States v. Maumau*, for instance, the Tenth Circuit affirmed the district court's decision granting a sentence reduction under § 3582(c)(1)(A) based on "a combination of factors," including the young age of the defendant at the time of his sentencing (24 years old),

---

[19] *Deal v. United States*, 508 U.S. 129, 132–33 & n.1 (1993).

[20] *See* First Step Act of 2018, Pub. L. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (codified at 18 U.S.C. § 924(c)(1)(C)) (amending 18 U.S.C. § 924(c)(1)(C) "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final'").

[21] *Id.*

[22] *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020).

[23] *See* Pub. L. 115-391, 132 Stat. at 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of such enactment.").

[24] *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring).

[25] *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021) (discussing mandatory life sentences under a provision of 21 U.S.C. § 841(b)(1)(A) that has since been amended by the First Step Act); *see Maumau*, 993 F.3d at 837 (affirming decision granting a sentence reduction under § 3582(c)(1)(A) based in part on the First Step Act's change to the stacking penalties in § 924(c)).

the length of his stacked mandatory sentences under § 924(c), the First Step Act's elimination of sentence-stacking under § 924(c), and the fact that he would not be subject to such a long sentence if he were sentenced today.[26]  In affirming the district court's decision, the Tenth Circuit noted that the district court's finding of extraordinary and compelling reasons was appropriately "based on its individualized review of all the circumstances of [the defendant]'s case," and not on "its general disagreement with the mandatory sentences that are required to be imposed in connection with § 924(c) convictions" or "solely upon its disagreement with the length of [the defendant]'s sentence in particular."[27]

Merriweather contends that *Maumau* is highly instructive, as the unique circumstances that warranted a sentence reduction there are also present here.  Indeed, Merriweather was even younger than the defendant in *Maumau* was at the time of his sentencing and arrest.  Merriweather was 22 years old when he was sentenced, and only 21 when he was arrested.  And at the time, Merriweather faced a total mandatory minimum sentence of 32 years' imprisonment on the two § 924(c) counts alone.  Today, with sentence-stacking eliminated, he would be sentenced under § 924(c) to 17 years, not 32 years—a 15-year difference.

The government, however, asserts that Merriweather's "argument that he would face a shorter sentence today is inaccurate."[28]  The government notes that, in exchange for Merriweather pleading guilty to five of the six counts charged in the original Indictment, the government moved to dismiss the Superseding Indictment, which contained seven additional

---

[26] *Maumau*, 993 F.3d at 837.

[27] *Id.*  As the government appropriately notes in its response, Chief Judge Timothy M. Tymkovich cautioned in his concurring opinion that *Maumau* "does not give district courts carte blanche to retroactively apply in every instance the amendments to the stacking provision in 18 U.S.C. § 924(c)." *Id.* at 838 (Tymkovich, C.J., concurring).  Judge Tymkovich reiterated that, in determining whether extraordinary and compelling reasons for a sentence reduction exist, a court may consider "the legislative change to the stacking provision only in the context of an individualized review of a movant's circumstances."  *Id.* (citing *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020)).

[28] Doc. 118 at 10–11.

charges. Those seven additional charges included four § 924(c) counts, two counts of Hobbs Act robbery, and one count of bank robbery. Had it instead proceeded to trial against Merriweather on all thirteen counts charged in the Superseding Indictment, the government contends, "the ultimate prison sentence (applying present-day sentencing schemes) would not result in a sentence that is dramatically different than what was originally imposed."[29]

In other words, the government asks the Court to assume that, if the First Step Act's anti-stacking provision had been in effect at the time, then the government would have proceeded to trial against Merriweather on all thirteen counts charged in the Superseding Indictment, and a jury would have returned a guilty verdict. These assumptions are speculative. The Court declines the government's invitation to indulge "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered."[30]

Indeed, the then-available practice of stacking § 924(c) charges was fundamental to the government's prosecutorial strategy, including its decision to file the Superseding Indictment. The Indictment, returned on November 7, 2002, remained the operative indictment until May 7, 2003—less than two weeks before trial—when the government filed the Superseding Indictment. At the time, the four new § 924(c) charges each carried a mandatory consecutive sentence of 25 years, raising Merriweather's potential mandatory minimum sentence by one hundred years if he elected to exercise his right to trial. Merriweather notified the Court of his intent to plead guilty shortly thereafter. It is possible that, without the ability to stack § 924(c) sentences, the government would have proceeded to trial against Merriweather on all thirteen counts charged in the Superseding Indictment and a jury would have found him guilty. But it is also possible, as Merriweather points out, that "[w]ithout the mandatory 25-year stacked

---

[29] *Id.* at 11.

[30] *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019).

sentences hanging over" his head, he would have obtained a different, more favorable plea agreement at an early stage of the case, and a superseding indictment would have never been filed.[31]  The Court will not "employ a prosecutor-friendly 'way-back machine'" to conjure up how Merriweather's charges, conviction, and sentence might have looked had Congress already eliminated sentence-stacking under § 924(c).[32]

It is also worth pointing out that the Superseding Indictment was effectively a threatened "trial penalty," used by the government to obtain a guilty plea.  As one court has explained, "those who exercise their constitutional right to a trial before a jury of their peers suffer a more severe penalty than those who cop a plea."[33]  This difference between "the sentencing outcome if a defendant accepts the government's offer of a plea bargain and the outcome if he insists on his right to trial by jury is sometimes referred to as the 'trial penalty.'"[34]  In the end, Merriweather did not risk the 100-year trial penalty he faced if he exercised his right to trial by jury; he pleaded guilty to five counts charged in the original Indictment, and the government moved to dismiss the Superseding Indictment.  While there was nothing legally improper with the government's decision to charge Merriweather with four additional § 924(c) counts shortly before trial,[35] the Court will not now use the threatened trial penalty as a basis to deny relief.

Based on an individualized review of Merriweather's circumstances, the Court finds that his youth at the time of his offenses and sentencing, the length of his sentence, the First Step

---

[31] Doc. 119 at 6.

[32] *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019).

[33] *United States v. Abraham*, 498 F. Supp. 3d 175, 183 (D. Mass. 2020); *see id.* at 184 ("[T]here is empirical evidence that the trial penalty is so large that it is encouraging actual innocents to plead out.").

[34] *United States v. Holloway*, 68 F. Supp. 3d 310, 313 (E.D.N.Y. 2014).

[35] *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); *United States v. Ray*, 899 F.3d 852, 861 (10th Cir. 2018) ("Adding new counts to an indictment typically falls well within the bounds of prosecutorial discretion, at least where there exists probable cause to support those counts.").

Act's elimination of sentence-stacking under § 924(c), and the 15-year difference between the sentence Merriweather received and the sentence Congress has now deemed warranted for the second § 924(c) conviction, constitute "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). The Court also finds support for a sentence reduction in Merriweather's rehabilitation, discussed below.[36]

### C. Section 3553(a) Factors

Next, the Court must consider whether the applicable sentencing factors set forth in § 3553(a) warrant a reduction in Merriweather's sentence.[37] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[38]

The government asserts that reducing Merriweather's sentence to time served would discount the seriousness of the offenses, run counter to the need for just punishment, and undermine respect for the law. The government thus asks the Court to focus its § 3553(a)

---

[36] While "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A), it may be considered in combination with other factors. 28 U.S.C. § 944(t); *see United States v. Marks*, 455 F. Supp. 3d 17, 25 (W.D.N.Y. 2020) (collecting cases finding that "the *combination* of changes to the 'stacking' provisions of § 924(c), coupled with the defendant's rehabilitation, establish extraordinary and compelling conditions warranting a sentence reduction").

[37] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

[38] 18 U.S.C. § 3553(a).

analysis on two factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.[39] But the Court must consider all applicable § 3553(a) factors, and, in doing so, it does not take a frozen-in-time approach. Instead, the Court considers the § 3553(a) factors in light of post-sentencing factual developments.[40] After considering the applicable § 3553(a) factors, the Court concludes that those two factors do not outweigh the extraordinary and compelling circumstances that warrant a sentence reduction in this case. The Court agrees that a sentence of time served is inappropriate, but it finds that the § 3553(a) factors support reducing Merriweather's sentence on the second § 924(c) conviction from 25 years to 10 years.

Without question, Merriweather's offenses were serious. Merriweather acknowledges as much, stating that he "willingly participated in a string of armed robberies" and that "[t]he seriousness of the crimes cannot be minimized."[41] That said, "the harshness of [his] sentence [on the second § 924(c) count] did not result from any individualized consideration of his background and characteristics by the sentencing judge."[42] Section 924(c) required the Court to impose a 25-year consecutive mandatory minimum sentence.[43] As explained above, however, Congress has since amended § 924(c) and reduced the mandatory minimum sentence Merriweather could receive on the second § 924(c) count to 10 years. This change to § 924(c),

---

[39] *Id.* § 3553(a)(1), (a)(2)(A).

[40] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (per curiam) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence."); *United States v. Rose*, 379 F. Supp. 3d 223, 235 (S.D.N.Y. 2019) ("[C]onsideration of post-sentencing factual developments is appropriate under § 404 of the First Step Act."), *aff'd*, 841 F. App'x 328 (2d Cir. 2021); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)).

[41] Doc. 110 at 8.

[42] *United States v. Somerville*, 463 F. Supp. 3d 585, 602 (W.D. Pa. 2020).

[43] *Id.*

although not retroactive, signifies that a sentence reduction of 15 years would result in a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.[44]

Reducing Merriweather's sentence by 15 years would also avoid unwarranted sentencing disparities.  In addition to the disparity between the sentence he received in 2003 and the sentence a defendant would receive today for the same offenses, Merriweather's sentence is "now grossly disparate to the reduced § 924(c) sentence received pursuant to the First Step Act by an increasing number of defendants who were sentenced before the passage of the First Step Act."[45]

Finally, the Court cannot find—and the government does not argue—that the sentence originally imposed is necessary to protect the public.  The Supreme Court has explained that evidence of post-sentencing rehabilitation provides the "most up-to-date picture of [the defendant]'s 'history and characteristics'" and "sheds light on the likelihood that [the defendant] will engage in further criminal conduct."[46]  Here, the record shows that, despite his lengthy sentence, Merriweather has demonstrated an effort to both educate and rehabilitate himself.

At sentencing, the Court said to Merriweather:

> I hope that you will become a reader.  Because I think if you
> become a reader and you start reading, you're going to realize that
> there have been a lot of people that have served sentences close to
> the period of time that I've had to sentence you to, or even longer,
> that somehow because of the hope in their heart and because we're
> all born with the capacity and ability to be good people, if we
> really try hard to be, somehow they get past that and become great

---

[44] *See United States v. Curtis*, No. 3-533, 2020 WL 1935543, at *4 (D.D.C. Apr. 22, 2020) ("That a defendant sentenced today, identical in every way to the defendant in this case, would face 15.5–19.5 years' imprisonment is strong evidence that defendant's 17 years' imprisonment adequately reflects the 'seriousness of [his] offense' and "'provide[s] just punishment for the offense.'" (quoting 18 U.S.C. § 3553(a)(2))).

[45] *United States v. Redd*, 444 F. Supp. 3d 717, 728 (E.D. Va. 2020).

[46] *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (quoting 18 U.S.C. § 3553(a)).

> people and do great things in their own lives and their families'
> lives, sometimes even in the lives of the community.
>
> . . . .
>
> So that's my hope for you, Mr. Merriweather. I hope
> despite this very difficult sentence that you face that you will be
> able to give back to somebody, and particularly to yourself. I hope
> you won't give up on your life. Because your life is not worth
> giving up on.[47]

Merriweather says this advice "stuck with [him]."[48] Before prison, he represents that he "could barely read and write."[49] But in prison, Merriweather earned his GED, and then became the class tutor.[50] "[O]ne of my most revealing accomplishments," he explains, "[is] reflected in this Pro Se motion," which shows that he has been successful in learning to read and write.[51] Merriweather has also devoted many hours to vocational and educational courses and programs, including a 1000-hour nursing apprenticeship program, and he indicates that he has remained employed throughout his incarceration.

Although Merriweather has committed several disciplinary infractions while incarcerated, his infractions have never involved any violence. And his only recent disciplinary infractions were minor; they involved "possessing an unauthorized item" in early 2020 and "lying or falsifying [a] statement" and "being in an authorized area" in 2019.[52] The rest of his infractions are all over four years old, and the BOP currently classifies his risk of recidivism as "low."[53] Moreover, reducing Merriweather's sentence by 15 years still leaves him with a total

---

[47] Doc. 75 at 17:9–18:1, 18:16–22.

[48] Doc. 110 at 9.

[49] *Id.*

[50] *Id.*

[51] Doc. 11 at 9–10.

[52] Doc. 110-1 at 5.

[53] Doc. 114-3.

term of imprisonment of 274 months.  The Court finds that a 274-month term of imprisonment, coupled with his previously imposed term of supervised release, is sufficient to protect the public.

In sum, the § 3553(a) factors support a reduction in Merriweather's sentence, but not to time served.  Section 3582(c)(1)(A) does not, however, require the Court to order immediate release or limit the Court's authority to reduce a sentence once extraordinary and compelling reasons for a sentence reduction are found.[54]  Accordingly, the Court grants Merriweather's motion and reduces his sentence on the second § 924(c) conviction (Count 7) from 25 years to 10 years, reducing his total term of imprisonment from 454 months to 274 months.  A 274-month term of imprisonment "is no laughing matter, either; it serves the same retributive, deterrent, and protective purposes."[55]  All other terms and conditions of his sentence previously imposed remain unmodified.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Larry D. Merriweather's Motion for Compassionate Release (Doc. 110) is **granted**.  Defendant's sentence on Count 7 of the Indictment is reduced from 25 years to 10 years, for a total term of imprisonment of 274 months.  All other terms and conditions previously imposed remain in effect.

**IT IS SO ORDERED.**

Dated: August 9, 2021

---

[54] *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *8 (D. Utah Feb. 18, 2020) ("[N]otwithstanding the colloquial references to [the § 3582(c)(1)(A)] motion as one for 'compassionate release,' the court need not actually modify the sentence to effectuate [the defendant's] immediate release from prison." (citing *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 at *4 (D. Neb. Nov. 14, 2019))), *aff'd*, 993 F.3d 821 (10th Cir. 2021).

[55] *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *7 (E.D. Wis. Aug. 7, 2020).

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
CHIEF UNITED STATES DISTRICT JUDGE